UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JOSIAH TIONDRA WATSON,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

ACTION NO. 2:16cv397
[ORIGINAL CRIMINAL NO. 2:10cr200-2]

## MEMORANDUM FINAL ORDER

This matter comes before the court on the Petitioner's pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Motion") and accompanying Memorandum in Support, filed on June 29, 2016. ECF Nos. 196, 197.[1]

On February 16, 2011, the Petitioner pled guilty to Counts Two, Three, and Twelve of the Superseding Indictment. Count Two charged the Petitioner with Interference with Commerce by Means of Robbery, in violation of 18 U.S.C. § 1951(a), and Counts Three and Twelve charged him with Use of a Short-barreled Shotgun During a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A) and (B)(i). On May 24, 2011, having adjudged the Petitioner guilty, the court sentenced the Petitioner to a total

---

[1] The court accepts the Motion and Memorandum in Support as effectively filed on the date the Petitioner certifies he placed them in the prison's internal mailing system, which is June 22, 2016. See Houston v. Lack, 487 U.S. 266 (1988) (articulating the "prison mailbox rule").

term of four hundred twenty-six (426) months imprisonment. The Petitioner did not appeal his convictions or sentences.

On February 2, 2012, the Petitioner filed a motion pursuant to 28 U.S.C. § 2255. ECF No. 98. On May 24, 2012, the court granted a motion to withdraw this § 2255 motion and dismissed it from the docket. ECF No. 119. On March 31, 2014, the Petitioner filed a § 2255 motion, ECF No. 128, which the court dismissed as untimely. ECF No. 136. The Petitioner filed a Motion for Reconsideration, ECF No. 145, which the court denied. ECF No. 146. The Petitioner appealed, and the Fourth Circuit affirmed this court's ruling. ECF No. 171.

On June 24, 2016, the Fourth Circuit granted authorization for the Petitioner to file a successive § 2255 motion based on Johnson v. United States, 135 S. Ct. 2551 (2015), thus permitting consideration of the instant Motion by this court. ECF No. 194. In Johnson, the Supreme Court struck down the residual clause of the Armed Career Criminal Act of 1984 ("ACCA"), in 18 U.S.C. § 924(e)(2)(B)(ii), because it was unconstitutionally vague. Johnson, 135 S. Ct. at 2563. Welch v. United States, 136 S. Ct. 1257 (2016), made the new right recognized in Johnson applicable on collateral review.

Here, the Petitioner was not sentenced under the ACCA. Instead, he challenges his convictions on Counts Three and Twelve, for Use of a Short-barreled Shotgun During a Crime

2

of Violence, in violation of 18 U.S.C. § 924(c)(1). Mem. Supp. at 1. The Petitioner's underlying crimes of violence for Counts Three and Twelve were Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a). Superseding Indictment at 6, 15.[2] "Crime of violence," for the purposes of § 924(c)(1), is an offense that is a felony and

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Subsection (A) is the force clause, and subsection (B) is the residual clause. The Petitioner argues that Hobbs Act robbery qualifies as a "crime of violence" only under the residual clause, § 924(c)(3)(B). Mem. Supp. at 16-17. He asserts that <u>Johnson</u> invalidates the residual clause, and therefore his two convictions under § 924(c)(1) must be vacated. <u>Id.</u>

The Petitioner's conviction and sentence do not implicate the ACCA and its residual clause in § 924(e)(2)(B)(ii), and the court declines to extend <u>Johnson</u> to hold that the residual

---

[2] The Petitioner incorrectly states that the predicate crime of violence for these counts is conspiracy to commit Hobbs Act robbery. <u>See</u> Mem. Supp. at 4.

3

clause in the definition of "crime of violence" in § 924(c)(3) is unconstitutionally vague.[3]

In addition, the Petitioner's argument fails because the predicate crime of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), is categorically a crime of violence under the force clause of § 924(c)(3), as this court has consistently found. See Brown v. United States, No. 4:09cr81-15, 2016 WL 787450 (E.D. Va. Feb. 9, 2016); United States v. Bennett, No. 3:15cr134, 2016 WL 354753 (E.D. Va. Jan. 27, 2016); United States v. Walker, No. 3:15cr49, 2016 WL 153088 (E.D. Va. Jan. 12, 2016); United States v. Wilson, No. 4:15cr21 (E.D. Va. Dec. 8, 2015); United States v. McDaniels, No. 1:15cr171, 2015 WL 7455539 (E.D. Va. Nov. 23, 2015); United States v. Wyche,

---

[3] District courts in this circuit have declined to extend the ruling in Johnson to the residual clause in Section 924(c)(3). See, e.g., United States v. Green, No. CR RDB-15-0526, 2016 WL 277982, at *3 (D. Md. Jan. 21, 2016); United States v. Walker, No. 3:15cr49, 2016 WL 153088, at *8-9 (E.D. Va. Jan. 12, 2016); United States v. Hunter, No. 2:12cr124, 2015 WL 6443084, at *2 (E.D. Va. Oct. 22, 2015).

Moreover, the Supreme Court has not ruled that the residual clause in § 924(c)(3) is unconstitutionally vague. Even with such a ruling, the question would remain over its retroactive applicability on collateral review, which only the Supreme Court can determine. See 28 U.S.C. § 2244(b)(2)(A); Tyler v. Cain, 533 U.S. 656, 662 (2001). Should the Supreme Court invalidate the residual clause in § 924(c)(3) and recognize that new right as retroactively applicable on collateral review, a petitioner would have one year from the date of the invalidation to seek collateral relief on a § 924(c)(1) conviction. See 28 U.S.C. § 2255(f)(3).

4

No. 2:15cr97 (E.D. Va. Nov. 9, 2015); <u>United States v. Waites</u>, No. 2:15cr110 (E.D. Va. Oct. 30, 2015); <u>United States v. Hunter</u>, No. 2:12cr124, 2015 WL 6443084 (E.D. Va. Oct. 23, 2015); <u>United States v. Standberry</u>, No. 3:15cr102, 2015 WL 5920008 (E.D. Va. Oct. 9, 2015). Indeed, "[a]mple case law confirms the conclusion that Hobbs Act robbery can serve as a crime of violence as defined by § 924(c)(3)(A)." <u>McDaniels</u>, 2015 WL 7455539, at *6. The Petitioner has not presented any arguments warranting departure from this case law, and the court reaffirms the finding here.

Because <u>Johnson</u> does not invalidate the residual clause in § 924(c)(3), and because Hobbs Act robbery is categorically a crime of violence under the force clause of § 924(c)(3), the Petitioner's convictions for violations of 18 U.S.C. § 924(c)(1)(A) do not implicate the holding in <u>Johnson</u>. The Petitioner, therefore, fails to state a claim under <u>Johnson</u>, and his Motion is meritless. Accordingly, the Motion is **DENIED**.

The Petitioner is **ADVISED** that he may appeal from this Memorandum Final Order by forwarding, within sixty (60) days of the entry date of this Memorandum Final Order, a written notice of appeal to the Clerk of the United States District Court at 600 Granby Street, Norfolk, Virginia 23510. The court declines

5

to issue a certificate of appealability for the reasons stated herein.

The Clerk is **DIRECTED** to send a copy of this Memorandum Final Order to the Petitioner and the United States Attorney at Norfolk.

**IT IS SO ORDERED.**

_/s/ Rebecca Beach Smith_
REBECCA BEACH SMITH
CHIEF JUDGE

July 25, 2016